**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsbergslaw.com

*Counsel for Plaintiff and Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMMANUEL LEE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DIVERSIFIED ADJUSTMENT SERVICE, INC.<br><br>Defendant. | Case No.<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE SOLICITATION ACT 47 U.S.C. § 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiff, Emmanuel Lee ("Plaintiff"), brings this action against Defendant, Diversified Adjustment Service, Inc. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3. This case arises from Defendant's transmission of multiple unauthorized text messages to cellular telephones, without regard to consumers' consent or privacy rights, even after consumers opt out from Defendant's messages.

4. Defendant is a customer relationship management company engaged in providing debt collection tools and services to consumers, based out of Minnesota.

5. To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regards to consumers' rights under the TCPA.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA,

which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

8. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 (b) because Plaintiff resides within this district and (c) Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the Central District of California and, on information and belief, Defendant has sent the same telemarketing text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the Central District of California.

## PARTIES

9. Plaintiff is a natural person who, at all times relevant to this action, was a resident of San Bernardino County, California.

10. Plaintiff at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 2350 (the 2350 Number") that received Defendant's text message solicitations.

11. Defendant is a Minnesota corporation whose principal place of business is at 600 Coon Rapids Blvd. NW, Coon Rapids, MN 55433.

12. Defendant directs, markets, and provides its business activities throughout the State of California.

13. Unless otherwise indicated, the use of Defendant name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns,

principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

14. On or about January 5, 2026, Defendant sent or caused to be sent a telemarketing text message to Plaintiff's 2350 Number, attempting to contact an individual named "Larisha" (as shown below):












15. On January 5, 2026, Plaintiff sent "Stop" in response to Defendant's telemarketing messages, using clear and unambiguous language to opt out (as shown above). In response, Defendant sent Plaintiff a confirmation message stating: "You've successfully unsubscribed and will no longer receive text messages," acknowledging receipt of Plaintiff's opt-out request (as shown above).

16. Despite Plaintiff's unequivocal opt-out on January 5, 2026, and Defendant's own confirmation that Plaintiff would "not receive any text messages" Defendant resumed its unlawful campaign by using a different phone number to circumvent Plaintiff's opt-out. Beginning on or about January 6, 2026, Defendant

placed calls at least twice to Plaintiff's 2350 Number from phone number (763) 265-2587, (as shown above).

17. This pattern demonstrates Defendant's willful and knowing disregard for consumer protection laws and its deliberate choice to ignore Plaintiff's wishes.

18. This pattern of violations demonstrates Defendant's systematic failure to maintain functional internal do-not-call procedures and its deliberate choice to ignore consumer opt-out requests.

19. Defendant has the capability of immediately complying with Plaintiff opt-out request.

20. As demonstrated by the above facts, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations and systematically fails to maintain any functional internal do-not-call procedures.

21. Defendant's refusal to honor opt-out request demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

22. Defendant's refusal to honor opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

23. Defendant failed to place Plaintiff on an internal do-not-call list after opt-out instruction.

24. Defendant's refusal to honor opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

25. Defendant's refusal to honor opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

26. Defendant did not maintain the required procedures for handling and processing the opt-out request prior to the initiation of the violative text messages and

calls it sent to Plaintiff as reflected by the fact that Plaintiff made a clear opt-out request with written confirmation, yet his request was ignored by Defendant and its employees and Defendant continued to send text messages.

27. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

28. Indeed, Plaintiff and the class members opt-out requests were not honored within a reasonable time from when the opt-out request was made.

29. Defendant's text messages were transmitted to Plaintiff residential cellular telephone, and within the time frame relevant to this action.

30. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., debt collection tools and services.

31. The information contained in the text messages advertise Defendant's various discounts and promotions, which Defendant sends to promote its business.

32. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 C.F.R. § 64.1200(d)(1).

33. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do not call list pursuant to 47 C.F.R. § 64.1200(d)(2).

34. Defendant sent the subject texts within this judicial district and, therefore, Defendant's violations of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

35. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

36. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted.

37. Specifically, Plaintiff ever completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

38. Plaintiff does not have an existing business relationship with Defendant.

39. To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked on January 5, 2026, when Plaintiff sent the "Stop" message and received written confirmation "You've successfully unsubscribed and will no longer receive text messages."

40. Plaintiff is the subscriber and sole user of the 2350 Number and is financially responsible for phone service to the 2350 Number.

41. Plaintiff's 2350 Number is his residential number which he uses for personal purposes.

42. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43. The text messages originated from telephone number 497361 which is owned and operated by Defendant or on behalf of Defendant.

44. The calls originated from telephone number 763-265-2587 which is owned and operated by Defendant or on behalf of Defendant.

45. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of

each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiff and the Class members inbound opt-out requests.

46. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

47. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the message.

48. Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted text messages. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of his time in addressing and attempting to stop Defendant's solicitations.

## CLASS ALLEGATIONS

### PROPOSED CLASS

49. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

50. Plaintiff brings this case on behalf of the Class defined as follows:

> **National Internal Do Not Call Class: From four years before the filing of the Complaint, all persons in the United States who (1) were sent more than one text message by or on behalf of Defendant within any 12-month period; (2) regarding Defendant's goods or services, to said person's cellular telephone number; and (3) while Defendant did not maintain the required procedures under 47 C.F.R. § 64.1200(d) for**

**maintaining a list of persons who request not to receive such calls.**

51. Defendant and its employees or agents are excluded from the Class. Plaintiff do not know the number of members in the Class but believe the Class members number in the several thousands, if not more.

52. Also excluded from the Class are persons who, after making a request to Defendant to not receive future text messages, subsequently affirmatively opted-in to receive text messages from Defendant.

**Numerosity**

53. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express written consent after they had requested to opt-out. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

54. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text message records.

**Common Questions of Law and Fact**

55. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

[1] Whether Defendant initiated text messages solicitations to Plaintiff and the Class members;

[2] Whether Defendant violated 47 C.F.R. § 64.1200(d);

[3] Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

[5] Whether Defendant keeps records of text recipients who revoked consent to receive texts;

[6] Whether Defendant has any written policies for maintaining an internal do not call list

[7] Whether Defendant's conduct was knowing and willful; and

[8] Whether Defendant is liable for damages, and the amount of such damages.

56. The common questions in this case are capable of having common answers. If Plaintiff claims that Defendant routinely transmits telephone solicitations and telemarketing messages to consumers after they had requested to be opted out, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**Typicality**

57. Plaintiff claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**Protecting the Interests of the Class Members**

58. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**Proceeding Via Class Action is Superior and Advisable**

59. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class is in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of

individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

60. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**

**Violation of the 47 U.S.C. § 227(c)(2)**

**(On Behalf of Plaintiff and the National Internal Do Not Call Class)**

61. Plaintiff re-allege and incorporates paragraphs 1 through 60 as if fully set forth herein.

62. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

63. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that

> person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

64. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

65. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive telemarketing messages from Defendant.

66. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

67. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing messages made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

68. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

69. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

70. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

71. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

72. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, pray for the following relief:

a. An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff counsel as Class Counsel;

b. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

c. An injunction requiring Defendant to implement and maintain proper internal do-not-call procedures in compliance with 47 C.F.R. § 64.1200(d);

d. An award of actual and statutory damages for Plaintiff and each member of the Class;

e. Such further and other relief as the Court deems necessary.

## **JURY DEMAND**

Plaintiff and Class Members hereby demand a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: February 23, 2026

Respectfully submitted,

By: */s/ Scott Edelsberg*

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Class*